Mr. 'Justice Colcoch
deli merecí the opinion of the Court,
Í can not think that the case is one which depends on the view which may be taken of the evidence % for in any view of it, the defendant is liable. Nor is the defendant alone liable as a common carrier, the goods having been clearly delivered to him. For the case furnishes, in my opinion, the evidence of direct negligence, on the pari of the defendant Johnson. In the case of Rutherford vs. McGowen, (1 Nott & M'Cord, 17,) it was decided that a loss which resulted from the breaking of a chain, although recently made and apparently strong, should be born by the ferry owner. In this case, it is said to infer from the testimon)7, that from the state of the bank, and that of the fiat, the cart could not enter without something being placed under the end of the fiat. The ferrymen did place something to effect this object; which was insufficient to support the wheels, from the insufficiency of which the. loss clearly resulted. Here then is direct negligence; for it is the duty of the ferryman to have his fiat so constructed, that it will be easy for carriages of all descriptions, and drivers of all capacities, to enter them. A flat should not present to the traveller greater difficulties than are usually met with on the high road.
But it was suggested th-’t the bank was rendered bad by the weather. This only imposed on the ferryman the greater necessity for an apron or drop to his flat. It can not at any rate furnish an excuse ; for by the act of the 20th December, 1809, it is made’the duty of every person keeping a ferry to keep the banks in repair. (2 Brevard, 196.) The common law, however, would require that his flat should be adapted to the situation of the bank, and that it should be so constructed as to meet any state in which it would be ordinarily found. That this was not the fact, can not be even doubted. Here then the case might rest. Enough has been said to shew the liability of the defendant; but as the principles involved are of great importance to the community, I think it proper to shew that the defendant is liable in every possible view which can be^ *160 taken of the case. I think then, even admitting that the cart went over in consequence of the want of skill in the plaintiff, that the defendant is liable ; for the plaintiff quoad hoc was his agent. He applied for assistance twice, was refused, and was desired to go on. The mode and manner in which a carriage is to be received into a flat must be regulated by the ferryman. He may take out the horses and lift the Carriage in, or drive it, or cause it to he driven in. When the plaintiff was directed toproceed, this and all other matters of discretion, which the law gives to the ferryman, were by him transferred tó the plaintiff,
Holmes, for the motion.
Levy, contra.
This view of the subject is further supported by the law, declaring that ferries shall be kept by white men. (2 Brevard, 191.) The negro then could not be in law his agent. But if the case depended on the determination of the skil - fulness or unskilfulness of the driver, I do not think there is any evidence of a want of skill.
It is said the pld man was nearly blind, yet it is apparent that he saw well enough to strike the objects which were placed to enable him to enter the flat with the wheels of the cart. So far there was no want of skill. Now I am at a loss to know how it is ascertained that any degree of skill or physical power would have kept the horses in ' the flat. The impetus given to the bodies of the animals, by the resistance of the wheel which was left out of the flat, may have been greater than human skill or power could resist; and is it unreasonable to suppose that as the one wheel which was properly supported, entered the flat, that the other, if equally well supported, would also have entered ? Does not this enquiry again lead us back to the insufficiency of the material which was intended to support the wheel, and shew that from that proceeded the lose 5 The motion is granted.
Justices Gantt and Huger, concurred.
Justice Richardson dissented.